# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT D. SPICKLER, )<br>)<br>)<br>    **PLAINTIFF** )<br>)<br>V. )<br>)<br>THE GARDEN; DRUMMOND )<br>WOODSUM & MACMAHON; )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC.; )<br>AND THE THOMAS AGENCY, )<br>)<br>    **DEFENDANTS** ) | CIVIL NO. 2:14-CV-219-DBH |

## ORDER ON MOTIONS TO DISMISS

This case removed from the Maine Superior Court (Sagadahoc County) threatens to sink into a procedural morass. No case was ever filed there. Upon this Court's request, the State Court forwarded the papers it had collected from the parties, stating that it had never opened an actual case because the plaintiff never filed a complaint.[1] From those documents and from the documents that the removing defendant filed, the following appears.

---

[1] The Sagadahoc County Superior Court Clerk wrote on July 15, 2014:

> To Whom This May Concern:
>
> Just to give a bit of background. Mr. Spickler originally filed with the West Bath District Court a letter dated May 5th with his intention to file. These filings were never docketed in the District Court as the court was waiting for a formal complaint.

The pro se plaintiff Robert D. Spickler initially began serving process on four defendants for a lawsuit in the Maine District Court. When he learned that he could not get a jury trial in state district court, he instructed that the district court summons be ignored because he elected to proceed in the Maine Superior Court instead. (ECF Nos. 16-33, 16-34). Accordingly, he never filed a complaint in the Maine District Court. Nevertheless, one of the defendants—Drummond Woodsum & MacMahon—filed a motion to dismiss for failure to state a claim in the Maine District Court. Since no district court lawsuit has been removed to this court, no action is necessary by this court on that motion.

Next Spickler served process on the same four defendants for a Maine Superior Court lawsuit. Before he filed the complaint in Superior Court (Maine Rule of Civil Procedure 3 allows a plaintiff to serve process first, then file a complaint in court later, so long as it is within 20 days after completion of service), the defendant Drummond Woodsum moved to dismiss for failure to state a claim in Maine Superior Court. Then, a second defendant—Experian

---

> Mr. Spickler then requested a jury trial, so the case was then hand passed over to the Superior Court. Mr. Spickler contacted our court as recently as yesterday (July 14).
>
> Today, we had our Superior Court Justice look at the case to see what the clerks should do with these filings, as the heads all identified different courts. He asked that I call the United States District Court to see if you possibly had a filing, which you do.
>
> Our apologies, as to not sending these sooner.
>
> Sincerely,
> [signature]
> Jayne Cahill
> Civil/Real Estate Clerk
> 442-0206

Letter from Sagadahoc County Superior Court dated July 15, 2014 (ECF No. 16).

Information Solutions, Inc.—removed the case to this court based on federal question jurisdiction, before Spickler filed his complaint in the Maine Superior Court. (A defendant cannot wait for state court filing, because the federal removal statute requires a notice of removal to be filed within 30 days of service of process. 28 U.S.C. § 1446(b)(1).) According to the notice of removal, all defendants joined in removal, a requirement of 28 U.S.C. § 1446(b)(2)(A). After removal, the three defendants other than Drummond Woodsum each filed in this court its own motion to dismiss for failure to state a claim and for other reasons.

## ANALYSIS

Under Maine law, a state court lawsuit is subject to dismissal where process is served and a complaint is not filed with the Court within 20 days thereafter. M. R. Civ. P. 3. Among the papers the Superior Court sent to this Court is a May 29, 2014, letter from Spickler to the Superior Court Clerk stating his belief that he could not file his complaint in state court until all four defendants were served and stating his confusion over how a case could be removed that had not even be filed. (ECF No. 16-38). Whether or not Spickler's belief about when to file is correct, now all four defendants have been served and Spickler still has not filed a complaint with the Superior Court. (Perhaps he is confused where to file it in light of the removal.)

Under the federal removal statute, the defendants are able to remove a state court lawsuit even before the complaint is filed in state court where, as under Maine Rule of Civil Procedure 3, the lawsuit is commenced upon service of process. 28 U.S.C. § 1446. Indeed, as I stated above, they cannot wait for a complaint to be filed in state court because the 30-day limit on removal begins

to run with the service of process. Nevertheless, for there to be an actual state court lawsuit, "[a]lthough the action is commenced upon service, the plaintiff is 'in court' [only] upon filing the complaint. The court must have a pending matter on the docket in order to act," Charles Harvey, Maine Practice Series § 3:1 at 130, and "the complaint must be filed and docketed in court in order to enable the court to define its jurisdiction and to act on the issues before it." Id. at 132. In this case, that state court filing and docketing of the complaint never occurred. Therefore, even though the removal was appropriate, without a timely filing of the complaint in state court thereafter, the state lawsuit became subject to dismissal under Maine Rule of Civil Procedure 3: "If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice." Three of the four defendants (all but Drummond Woodsum) argue for just such a dismissal[2] and I conclude that they are entitled to dismissal because of the Rule 3 failure. Because I dismiss the lawsuit against those three defendants on this threshold ground, I do not reach the other grounds they assert such as failure to state a claim. Two of these defendants also request fees under Maine Rule of Civil Procedure 3. They rely on Rule 3's language that if the court dismisses for lack of timely filing, "in such case the court may, in its discretion,

---

[2] Experian's legal memorandum is the most explicit, relying on Federal Rule of Civil Procedure 12(b)(4) for insufficient process and thereby invoking Maine Rule of Civil Procedure 3. Experian's Mot. to Dismiss at 5 (ECF No. 15). The Thomas Agency also raises the issue directly. The Thomas Agency's Mot. to Dismiss at 3 (ECF No. 8). The Garden's motion is less explicit, but it relies on Rule 3 to request fees, The Garden's Mot. to Dismiss at 3, n.5 (ECF No. 11), and that Rule provides for fees only if the case is dismissed under that Rule for lack of timely filing. (The Garden also refers to 15 U.S.C. § 1681(n) and (o), but there are no such statutory provisions. Presumably The Garden meant to cite 15 U.S.C. §§ 1681n, 1681o, allowing for fees if a court makes a finding that a pleading was filed "in bad faith or for purposes of harassment." I do not make such a finding. The Garden also cites Maine Rule of Civil Procedure 11, which allows fees and expenses for a "pleading or motion signed with intent to defeat the purpose of this rule." M.R. Civ. P. 11(a). I likewise do not find that here.)

if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney." M. R. Civ. P. 3. In that respect, these defendants assert facts in their moving papers about background controversies and litigation with Spickler in state court. In the exercise of judicial discretion and considering this federal court's role, I determine that I do not have enough admissible information to decide whether fees are justified and therefore I deny the request.

The defendant Drummond Woodsum has not relied on Maine Rule of Civil Procedure 3, but instead has moved to dismiss for failure to state a claim under substantive law. Drummond Woodsum & MacMahon Mot. to Dismiss (ECF No. 6). Under the pleading standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007), I conclude that its motion must be **GRANTED**. The plaintiff has failed to allege any facts that would show liability on the part of the law firm. Drummond Woodsum's request for fees is **DENIED**.

In summary, Drummond Woodsum's motion to dismiss for failure to state a claim in the lawsuit removed from the Maine Superior Court (Sagadahoc Count) is **GRANTED**, and no action is taken on its motion to dismiss the putative state district court lawsuit because Spickler's state district court complaint was never removed here and was never docketed in the Maine District Court. Letter from Sagadahoc County Superior Court Clerk dated July 15, 2014 (ECF No. 16). The other three defendants' motions to dismiss are **GRANTED** under Maine Rule

of Civil Procedure 3 for failure to file the complaint and service of process in a timely manner. All fee requests are **DENIED**.

Finally, I **REJECT** The Thomas Agency's request that I enjoin Spickler from further filings. He has made no filings in this court; it is the defendant Experian who has removed the matter to this Court. It is up to the state courts to determine whether they need to enter such relief against him.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JULY, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**